# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>CORY D. GRAY,<br><br>        Defendant. | 8:04CR175<br>8:12CR383<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's "Motion for Clerical Error," ECF No. 81 in Case No. 8:04cr175, and his Supplemental Brief, ECF No. 82 in Case No. 8:04cr175. The Motion and Brief have not been filed in Case No. 8:12cr383.

On August 20, 2013, the Defendant was sentenced to a term of 188 months incarceration to be followed by four years of supervised release in Case No. 8:12cr383, for possession with intent to deliver 28 grams or more of crack cocaine. On the same date, he was sentenced to a term of 24 months incarceration Case No. 8:04cr175, following his admission to delivery of crack cocaine in violation of the conditions of his supervised release. The Court ordered the term of incarceration in Case No. 8:04cr175 to run concurrent with the term imposed in Case No. 8:12cr383.[1]

The Defendant contends that the Bureau of Prisons (BOP) is denying him the opportunity to participate in the 500-hour intensive drug and alcohol treatment program (RDAP), or to receive potential good time credits as a result of his participation in RDAP, because BOP considers his terms of incarceration in Case No. 8:04cr175 and

---

[1] The Defendant's term of incarceration in Case No. 8:12cr383 was reduced on two occasions, to a final term of 134 months.

Case No. 8:12cr383 to be "aggregated," and the underlying offense in Case No. 8:04cr175 was Felon in Possession of a Firearm.

Rule 36 of the Federal Rules of Criminal Procedure permits a court at any time to correct a clerical error in a judgment, order, or other part of the record arising from oversight or admission. This Court finds no such clerical error in the record.

The Court is not at liberty to alter BOP policies with respect to inmates' eligibility for participation in RDAP, or inmates' eligibility for good time credits upon completion of RDAP, so long as such policies do not contravene federal statutes or the United States Constitution. The Court infers that BOP limits good time incentives for offenders with firearms offenses due to concerns for public safety. Nonetheless, for purposes of clarification, the Court will note that it considers the Defendant's sentence in Case No. 8:04cr175 to have been completed 24 months after August 20, 2013, less credit for time served since November 2, 2012, and any applicable good time credit.

IT IS ORDERED:

1. The Defendant's Motion for Clerical Error is denied; and

2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 30th day of May 2019.

BY THE COURT

s/Laurie Smith Camp
Senior United States District Judge