# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　　　**Plaintiff,**<br><br>**vs.**<br><br>**CORY D. GRAY,**<br><br>　　　　　　　　**Defendant.** | **8:12CR383**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Defendant's "Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A), 3582(c)(2), and U.S.S.G. § 1B1.10," ECF No. 75.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

Section 3582(c)(1)(A) also provides in pertinent part:

[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

　　(i)　　extraordinary and compelling reasons warrant such a reduction;
　　　　　. . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Although the Defendant states that "he fits the qualifications of the Attorney General, but was denied by the 'BOP' for release," ECF No. 75 at Page ID #164, he does not state *when* he submitted any request for release to the Warden of his facility, nor any other facts to demonstrate that he has exhausted his administrative remedies as required by § 3582(c)(1)(A). Nor does he state how he "fits the qualifications" for release under § 3582(c)(1)(A).

Accordingly,

IT IS ORDERED:

1. The Defendant's "Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A), 3582(c)(2), and U.S.S.G. § 1B1.10," ECF No. 75, is denied without prejudice to resubmission following exhaustion of administrative remedies; and
2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 8th day of June 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge