IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>CORY D. GRAY,<br><br>      Defendant. | 8:12-CR-383<br><br>MEMORANDUM AND ORDER |

   This matter comes before the Court on Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A). Filing 78. Defendant first submitted a request for compassionate release due to the COVID-19 pandemic on May 26, 2020. Filing 75. The Court denied Defendant's motion because he failed to demonstrate that he had exhausted his administrative remedies. *See* Filing 76 at 2. This matter was reassigned to the undersigned judge on November 12, 2020.

   On August 20, 2013, the Defendant was sentenced to a term of 188 months' incarceration to be followed by four years of supervised release for possession with intent to deliver 28 grams or more of crack cocaine. Filing 52.[1] On January 8, 2016, based on the retroactive amendment to the drug quantity table changes, the parties stipulated to a reduction in Defendant's sentence to 134 months. Filing 70; *see also* Filing 71.

---

[1] On the same date, Defendant was sentenced to a term of 24 months' incarceration in Case No. 8:04cr175, following his admission to delivery of crack cocaine in violation of the conditions of his supervised release. *See* Filing 74. The Court ordered the term of incarceration in Case No. 8:04cr175 to run concurrently with the term imposed in Case No. 8:12cr383. Filing 74.

In Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), Congress amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons (BOP) to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Defendant has now submitted evidence that he submitted a request for compassionate release to the BOP on August 28, 2020. Filing 78 at 5. Although he has not received notice of denial, Defendant asserts that his "Case Manager" informed him that the BOP denied his request. Filing 78 at 5. Because 30 days have lapsed since Defendant submitted his request, the Court is satisfied that he has exhausted his administrative remedies.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of a sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Section 3582(c)(1)(A) also provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
>         . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Accepting all Defendant's factual allegations as true, the Court concludes that he has not shown any extraordinary and compelling reason for a reduction of his sentence or his release from custody. Defendant's argument focuses on the generalized presence of COVID-19 in prisons. He has not presented any allegation or medical support that he personally is at a greater risk. Such generalized concerns are insufficient to show extraordinary and compelling reasons for release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Melgarejo*, No. 12-CR-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020), *af"d*, No. 20-1802, 2020 WL 7230642 (7th Cir. Dec. 8, 2020) ("[T]he mere presence of COVID-19 in a particular prison . . . cannot justify compassionate release—if it could, every inmate in that prison could obtain release."). Further, the Court has reviewed the record and concludes that a reduction of his sentence would be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a).[2]

IT IS ORDERED.

1. Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(1)(A), Filing 78, is denied; and

2. The Clerk will mail a copy of this Memorandum and Order to Defendant at his last known address.

---

[2] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A) through (C), and (6).

Dated this 14th day of December, 2020.

BY THE COURT:

*Brian C. Buescher*

Brian C. Buescher
United States District Judge

4